JM:JAN/TM
F.#2008R00707

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - -X

| | |
|---|---|
| UNITED STATES OF AMERICA | I N D I C T M E N T |
| - against - | Cr. No. 08-_____ (NGG)<br>(T. 18, U.S.C., §§ 1343,<br>1957(a), 1957(b), 2 and<br>3551 et seq.) |
| MARTIN WEISBERG, | |
| Defendant. | |

**GARAUFIS, J.**

- - - - - - - - - - - - - - - - -X

THE GRAND JURY CHARGES:      **LEVY M.**

INTRODUCTION

At all times relevant to this Indictment, unless otherwise indicated:

I.   RELEVANT PERSONS AND ENTITIES

1. JMV Fixed Income Arbitrage Performance Partners, Ltd. ("JMV") was a corporation organized under the laws of Anguilla, with its registered office in Anguilla.

2. Regenmacher Holdings Limited ("Regenmacher") was a corporation organized under the laws of Anguilla, with its registered office in Anguilla.

3. SIAM Capital Management, Ltd. ("SIAM") was a corporation organized under the laws of the Bahamas, with its registered office in the Bahamas.

2

4. On August 11, 2006, JMV, Regenmacher and SIAM agreed to have the sum of $30,000,000 deposited into an escrow account (the "Escrow Account") for future use by JMV in the event it incurred expenses and obligations related to a legal dispute. The agreement was memorialized in an escrow agreement dated August 11, 2006 (the "Escrow Agreement").

5. The defendant MARTIN WEISBERG, a New York resident and a partner at a New York law firm, was appointed by JMV, Regenmacher and SIAM as Escrow Agent for the Escrow Account. WEISBERG served as Escrow Agent from August 11, 2006 until October 29, 2007.

II. THE SCHEME TO DEFRAUD

6. Pursuant to the Escrow Agreement, the defendant MARTIN WEISBERG's responsibilities as Escrow Agent included, among other things, to deposit the escrow amount of $30,000,000 into either a non-interest bearing bank account or an Interest on Lawyer Account ("IOLA"). An IOLA is an interest-bearing bank account into which a lawyer may, pursuant to certain ethical guidelines, deposit funds owned by a client and funds that are to be held in escrow. Under New York law, any interest earned in an IOLA account held in New York is to be remitted to an IOLA fund maintained for the purpose of providing legal assistance to people with low incomes.

3

7. Prior to the execution of the Escrow Agreement, MARTIN WEISBERG falsely informed representatives of JMV, Regenmacher and SIAM that he would place the $30,000,000 into either a non-interest bearing or an IOLA account. In fact, WEISBERG secretly caused the $30,000,000 to be deposited into a non-IOLA interest-bearing account which had an annual interest rate of interest of approximately 4.75%. That resulted in the accrual of interest in the Escrow Account of more than $100,000 per month for the period during which WEISBERG served as Escrow Agent. Over the course of the scheme, the $30,00,000 in principal earned approximately $1.6 million in interest.

8. Instead of maintaining the interest in the Escrow Account for the benefit of JMV, Regenmacher and SIAM, the defendant MARTIN WEISBERG, without the knowledge or authorization of JMV, Regenmacher or SIAM, caused approximately $1.3 million to be transferred out of the Escrow Account. WEISBERG used these funds for his own benefit and transferred the monies into other accounts, including accounts held in his name and that of his wife.

9. Between August 11, 2006 and October 29, 2007, representatives of JMV and Regenmacher requested that the defendant MARTIN WEISBERG provide them with monthly account statements pertaining to the Escrow Account. In order to conceal from JMV, Regenmacher and SIAM that the Escrow Account was bearing

4

interest that WEISBERG was using for his personal benefit, WEISBERG falsely informed representatives of JMV, Regenmacher and SIAM that he did not receive monthly bank statements for the Escrow Account. Instead, WEISBERG periodically sent letters that he prepared and signed to Representative #1 of JMV, Regenmacher and SIAM, an individual whose identity is known to the grand jury, which letters purported to confirm the balance of the moneys in the Escrow Account. These letters were false and misleading in that WEISBERG misrepresented the balance in the Escrow Account and concealed the fact that the Escrow Account was earning interest.

<u>COUNTS ONE THROUGH TEN</u>
(Wire Fraud)

10. The allegations contained in paragraphs 1 through 9 are realleged and incorporated as if fully set forth in this paragraph.

11. On or about and between August 11, 2006 and December 21, 2007, both dates being approximate and inclusive, within the Southern District of New York and elsewhere, the defendant MARTIN WEISBERG, together with others, did knowingly and intentionally devise a scheme and artifice to defraud JMV, Regenmacher and SIAM and to obtain money from JMV, Regenmacher, and SIAM by means of materially false and fraudulent pretenses, representations and promises.

12. For the purpose of executing the scheme and artifice, and attempting to do so, on or about the dates set forth

5

below, the defendant MARTIN WEISBERG transmitted and caused to be transmitted, by means of wire communication in interstate and foreign commerce, writings, signs, signals, pictures and sounds, as follows:

| COUNT | DATE | DESCRIPTION |
|---|---|---|
| ONE | 8/11/06 at 10:00 a.m. | E-mail to Representative #1 |
| TWO | 8/11/06 | $30,000,000 wire transfer from United Missouri Bank to J.P. Morgan Chase |
| THREE | 9/14/06 at 1:26 p.m. | E-mail to Representative #1 |
| FOUR | 10/17/06 at 8:54 a.m. | E-mail to Representative #1 |
| FIVE | 10/25/06 at 1:09 p.m. | E-mail to Representative #1 |
| SIX | 11/30/06 at 3:12 p.m. | E-mail to Representative #1 |
| SEVEN | 1/25/07 at 4:49 p.m. | E-mail to Representative #1 |
| EIGHT | 3/12/07 at 2:27 p.m. | E-mail to Representative #1 |
| NINE | 6/7/07 | Wire transfer of $25,000 from J.P. Morgan Chase to the U.S. Bank account of Institutional Development, Inc. |
| TEN | 6/12/07 | Wire transfer of $9,375 from J.P. Morgan Chase to the Bank of America account of DL Communications, Inc. |

(Title 18, United States Code, Sections 1343, 2 and 3551 et seq.)

## COUNT ELEVEN
(Money Laundering - Unlawful Monetary Transaction)

13. The allegations contained in paragraphs 1 through 9 are realleged and incorporated as if fully set forth in this paragraph.

14. On or about and between August 11, 2006 and December 21, 2007, within the Eastern District of New York and elsewhere, the defendant MARTIN WEISBERG did knowingly and intentionally engage and attempt to engage in a monetary transaction, in and affecting interstate and foreign commerce, in criminally derived property that was of a value greater than $10,000 and that was derived from specified unlawful activity, to

wit: mail and wire fraud, knowing that the property involved in such monetary transactions represented the proceeds of some form of unlawful activity, as follows:

| COUNT | DATE | AMOUNT | DESCRIPTION |
|---|---|---|---|
| ELEVEN | 6/4/07 | $200,000 | Check number 1534 payable to Entity #1, whose identity is known to the Grand Jury, written on Suffolk Bank account number 181-000***-7 |

(Title 18, United States Code, Sections 1957(a), 1957(b), 2 and 3551 et seq.)

A TRUE BILL

_____
FOREPERSON

_____
BENTON J. CAMPBELL
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

BY: /s/ Paul Shoer
ACTING UNITED STATES ATTORNEY
PURSUANT TO 28 C.F.R. 0.136

FORM DBD-34
JUN. 85

No. _____  Action: _____

# UNITED STATES DISTRICT COURT

EASTERN *District of* NEW YORK

CRIMINAL *Division*

THE UNITED STATES OF AMERICA

vs.

Martin Weisberg,

Defendant.

# INDICTMENT

(T. 18, U.S.C., §§ 1343, 1957(a), 1957(b), 2 and 3551 et seq.)

A true bill.

_____
Foreman

Filed in open court this _____ day,
of _____ A.D. 20 _____

_____
Clerk

Bail, $ _____

*John A. Nathanson, Assistant U.S. Attorney (718-254-7492)*