UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
  UNITED STATES OF AMERICA

               -against-

  MARTIN WEISBERG,

                            Defendant.
----------------------------------------------------------------------X

**MEMORANDUM & ORDER**

**08-CR-347 (NGG) (RML)**

NICHOLAS G. GARAUFIS, United States District Judge.

      Defendant Martin Weisberg is charged with ten counts of wire fraud and one count of money laundering. (Indictment (Docket Entry #1).) Defendant moved the court to issue four subpoenas under Rule of Criminal Procedure 17(c), which the court issued on July 23, 2010. (See Docket Entry # 95-13.) After being unable to serve SIAM Capital Management Ltd. ("SIAM"), Weisberg submitted letters rogatory to the court on September 10, 2010, that sought substantially the same discovery as the Rule 17(c) subpoenas. (Docket Entry # 88.) On August 27, 2010, Baker & McKenzie LLC ("B&M") moved to quash the subpoena directed at it. (Docket Entry # 84.) On October 8, 2010, Peter Ginsberg ("Ginsberg") and Crowell & Moring LLP ("Crowell") moved to quash the subpoenas directed at them. (Docket Entry # 93, 94.) On December 2, 2010, the court held oral argument on these motions. For the reasons stated below, the motions to quash the subpoenas are granted and Defendant's requests for letters rogatory are denied.

**I.    DISCUSSION**

      The Supreme Court has warned that a Rule 17(c) subpoena "[is] not intended to provide a means of discovery for criminal cases." United States v. Nixon, 418 U.S. 683, 698 (1974); see

1

also United States v. Cherry, 876 F. Supp. 547, 553 (S.D.N.Y. 1995) ("Rule 17(c) can be contrasted with the civil rules which permit the issuance of subpoenas to seek production of documents or other materials which, although not themselves admissible, could lead to admissible evidence."); United States v. Cuthbertson, 630 F.2d 139, 146 (3d Cir. 1980) (cautioning against the use of 17(c) subpoenas as a "broad discovery device").

A Rule 17(c) subpoena must "clear three hurdles: (1) relevancy; (2) admissibility; (3) specificity." Nixon, 418 U.S. at 699-700. The moving party must show:

> "(1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general 'fishing expedition.'"

Id. Generally, material that would only be used for impeachment is insufficient to meet the Rule 17(c) requirements. See Nixon, 418 U.S. at 701. Under Rule 17(c)(2), courts may quash subpoenas that are "unreasonable or oppressive" or where it is clear that the party seeking production has not met its burden of demonstrating that the threshold requirements for issuance have been met. See id.; In re Irving, 600 F.2d 1027, 1034 (2d Cir. 1979).

Defendant's subpoena requests are phrased in language that resembles civil discovery requests, rather than the specific requests for actual evidence that are allowed under Rule 17(c). For example, Defendant's subpoena to B&M seek "all billing records . . . concerning SIAM, JMV or Regenmacher"; "all documents, including, but not limited to, all calendars, appointment logs, diaries, and travel and meeting records of Martin E. Weisberg . . . concerning meetings or teleconferences with representatives of SIAM, JMV, Jon M. Knight or Thomas Hackl"; "all documents concerning any investigation, review or analysis undertaken by Baker and McKenzie LLP . . . concerning Martin E. Weisberg, Richard A. De Palma, SIAM, JMV, or Regenmacher";

2

"all expense account or reimbursement records for [Weisberg] . . . for the period June 2006 through January 2008"; "all documents listed on the [B&M] Privilege Log for Documents Related to SIAM Capital Management." (Docket Entry # 84-5.)

The relevance and admissibility requirements of Rule 17(c) have not been satisfied because Defendant has not established, nor does it appear that he <u>could</u> establish, that the categories of documents he seeks – which are potentially voluminous – consist of evidence that would tend to prove a material issue of the case or would be admissible at trial. Furthermore, the subpoena requests are not sufficiently specific to "ensure[] that Rule 17(c) subpoenas are used only to secure for trial certain documents or sharply defined groups of documents" and prevent the conversion of the rule into a license for full, civil-style discovery. <u>United States v. Wittig</u>, 247 F.R.D. 661, 663 (D. Kan. 2008). "If the moving party cannot reasonably specify the information contained or believed to be contained in the documents sought but merely hopes that something useful will turn up, the specificity requirement is not met and the requests will be denied." <u>United States v. Treacy</u>, 08-CR-0366(RLC), 2008 WL 5082884, at *2-3 (S.D.N.Y. Dec. 1, 2008) (internal quotations omitted). Defendant's requests do not identify specific documents or sufficiently narrow categories of specific documents as required to survive a motion to quash. Because the court finds that the motions to quash Defendant's Rule 17(c) subpoenas should be granted because the subpoenas are overbroad and Defendant has otherwise failed to satisfy the threshold requirements of Rule 17(c), the motions to quash Defendant's Rule 17(c) subpoenas are GRANTED.[1]

The court reaches a similar conclusion with regard to the letters rogatory submitted to the court on September 10, 2010. As Defendant represented in his September 27, 2010, letter to the

---

[1] During oral argument, the court directed the Government and other parties to produce the specific documents identified in paragraphs seven and eight of the subpoena directed at B&M, subject to any outstanding attorney client privilege claims. (Docket Entry # 84-5 at 5.) This opinion does not alter that directive.

court, "the evidence sought in the Rule 17(c) subpoenas directed to the SIAM entities, which the Court has endorsed, is nearly identical to the evidence sought by Mr. Weisberg in the requests for Letters Rogatory to the Bahamas and Anguilla." (Docket Entry # 91.) Letters rogatory are simply a means to obtain discovery to which a party is otherwise entitled. See, e.g., United States v. Korogodsky, 4 F.Supp.2d 262, 265 (S.D.N.Y. 1998) (applying Rule of Criminal Procedure 15 standards to issuance of letters rogatory for the taking of depositions). Here, since Defendant's requests do not satisfy Rule 17(c) standards, the requests for letters rogatory are DENIED.

As the court stated during oral argument, Defendant will be permitted to make future Rule 17(c) subpoena requests. In doing so, Defendant must identify specific documents or drastically narrowed groups of documents. Any such requests should be accompanied by a filing showing why they meet the Rule 17(c) standard.[2] With respect to any future requests for letters rogatory, in addition to satisfying the Rule 17(c) requirements, Defendant will need to show that the evidence sought cannot be obtained through other means and that it is sufficiently important to justify delaying trial indefinitely while the time consuming and uncertain letter rogatory process takes its course. Any requests for Rule 17(c) subpoenas or letters rogatory shall be made by December 23, 2010. Should Defendant need further time to narrow his subpoena requests, he may seek an extension of time.

---

[2] If Defendant is concerned that such a showing would require the disclosure of confidential defense strategy, an ex parte, in camera addendum may be produced to the court.

## II.    CONCLUSION

For the foregoing reasons, the court grants the motions to quash the Rule 17(c) subpoenas and denies Defendant's request for the issuance of letters rogatory.

SO ORDERED.

Dated:  Brooklyn, New York
December 3, 2010

<u>/s/ Nicholas G. Garaufis</u>
NICHOLAS G. GARAUFIS
United States District Judge