

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

IJ:JPN
F#: 2008R00707

*271 Cadman Plaza East*
*Brooklyn, New York  11201*

January 5, 2012

<u>BY ECF</u>

George Stamboulidis, Esq.
Lauren Resnick, Esq.
Baker Hostetler
45 Rockefeller Plaza
11th Floor
New York, NY 10111

  Re:  United States v. Martin Weisberg
    <u>Criminal Docket No. 08-347 (NGG)</u>

Dear Counsel:

  The government writes to advise you of additional evidence relevant to Count 11 of the pending indictment against the defendant.  As you will note, the evidence is direct proof of the money laundering charge.  Moreover, this additional evidence is secondarily admissible under Fed. R. Evid. 404(b) to establish the defendant's knowledge, intent, and absence of mistake or accident with regard to the charged crimes.

  The pertinent facts can be summarized as follows.  On March 9, 2007, the defendant entered into an escrow agreement with TriState Commercial Builders, Inc. ("TriState").  TriState tendered $226,000 to the defendant and, pursuant to the agreement, the defendant was entitled to a $3,500 escrow agent fee.

  Further according to the agreement, the sum of $220,000 was to be held in escrow, "which amount the Escrow Agent shall hold in a segregrated IOLA (non-interest bearing) bank account . . . ."

  On March 9, 2007, the defendant deposited the $226,000 into an interest-bearing bank account under his control (the "X account").  Later that day, he moved $221,000 out of the X account and purchased a Certificate of Deposit.

  On May 14, 2007, Russell & Fig, attorneys for TriState, wrote to the defendant to inform him that a court ruled in

TriState's favor on April 27, 2007, and that the funds should be released from escrow.

On June 1, 2007, the defendant wire-transferred $200,000 from the SIAM escrow funds to Russell & Fig on Long Island.  *This transaction constitutes Count 11 of the pending indictment.*  Russell & Fig received these funds into its IOLA account, and on June 4, 2007, disbursed them to TriState.

On June 12, 2007, Russell & Fig sent an e-mail to the defendant noting that the amount due back to TriState was $222,500 (the original $226,000 less the escrow agent fee).  The defendant was asked to remit the remaining $22,500.

On June 14, 2007, the defendant's X account received $223,217.91, which funds appear to be the proceeds of the $221,000 Certificate of Deposit purchased three months before.

On June 25, 2007, Russell & Fig inquired about the funds due to its client.  The defendant promised to send a check for $20,000.  Russell & Fig advised the defendant that the amount due to TriState was $22,500, and the defendant then agreed to send a check in that amount, which appears to have been paid from yet another Weisberg account.

                                          Yours truly,

                                          LORETTA E. LYNCH
                                          United States Attorney

By: _____/s/_____
     Ilene Jaroslaw
     Assistant U.S. Attorney

cc:      The Honorable Nicholas G. Garaufis
          United States District Judge