# Baker Hostetler

Baker & Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

February 2, 2012

George A. Stamboulidis
direct dial: 212.589.4211
GStamboulidis@bakerlaw.com

**VIA ECF**

The Honorable Nicholas G. Garaufis
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    *United States v. Martin Weisberg*
             Docket No. 08-CR-347 (NGG) (RML)

Dear Judge Garaufis:

    The defense hereby moves to dismiss Count Eleven of the Indictment for failing to properly allege a crime committed by the defendant Martin Weisberg. Upon receipt of the government's Rule 404(b) disclosure on January 18, 2012, the defense understood for the first time that the monetary transaction charged in Count Eleven is a check issued by Russell & Fig, a Long Island law firm, to a contractor called TriState Commercial Builders ("TriState"). Count Eleven is legally defective because it charges a monetary transaction that Mr. Weisberg did not conduct, and improperly charges him under an aiding and abetting theory when there is no principal with alleged criminal liability. The government mischarged Count Eleven as a matter of law, and accordingly this legally defective count must be dismissed prior to trial.

    To establish a violation of 18 U.S.C. § 1957, the government must prove beyond a reasonable doubt that the defendant (1) knowingly engaged or attempted to engage in a monetary transaction involving criminally derived property, (2) with such property being valued at more than $10,000, and (3) with such money actually being derived from specific criminal activity. *Bernstein v. Misk*, 948 F.Supp 228, 236 (E.D.N.Y. 1997). It is well established that the government must allege each of the elements of an offense to survive a motion to dismiss. *United States v. Carrier*, 672 F.2d 300, 303 (2d Cir. 1982).

VIA ECF

The Honorable Nicholas G. Garaufis
February 2, 2012
Page 2

"[T]he starting point for interpreting a statute is the language of the statute itself." *United States v. Piervinanzi*, 23 F.3d 670, 677 (2d Cir. 1994) (quoting *Consumer Prod. Safety Comm'n v. GTE Sylvania*, 447 U.S. 102, 108 (1980)). Thus, the first rule of statutory construction is that "a legislature says in a statute what it means and means in a statute what it says there." *Connecticut Nat'l Bank v. Germain*, 503 U.S. 249, 254 (1992). Unless otherwise defined, words in a statute will be interpreted as having their ordinary meaning. *Piervinanzi*, 23 F.3d at 677; *Harris v. Sullivan*, 968 F.2d 263, 265 (2d Cir. 1992).

Count Eleven alleges that on June 4, 2007, the defendant knowingly and intentionally did "engage and attempt to engage" in a financial transaction involving the proceeds of criminal activity. The specific monetary transaction charged in Count Eleven is a $200,000 check issued from an account at Suffolk Bank to "an entity known to the grand jury." When the government provided Rule 404(b) notice two weeks ago, the defense understood for the first time that the Suffolk Bank account identified in Count Eleven belongs to Russell & Fig and the recipient of the check was TriState.[1] While the defendant had wired $200,000 in funds to the law firm three days earlier on June 1, that wire is <u>not</u> the monetary transaction charged in Count Eleven.[2] The <u>only</u> monetary transaction identified and charged in Count Eleven is the Russell & Fig check issued to TriState on June 4.

The ordinary meaning of the word "engage" in Section 1957 means taking part or participating in an action. *See* Webster's Dictionary (9th Ed.). *See, e.g., United States v. Wright*, 2009 WL 2476575, *4 (2d Cir. Aug. 13, 2009) (defendant made numerous payments with proceeds of narcotics activity). Here, on the face of the Indictment and based on the government's own proffer, Mr. Weisberg did not "engage in" the monetary transaction identified in Count Eleven. The charged monetary transaction - the Russell & Fig check dated June 4 - was not issued by the defendant, was not issued from the defendant's account, nor at his direction. Mr. Weisberg was not a partner, employee or otherwise affiliated with Russell & Fig. He had no signature authority on the Suffolk Bank account or the ability to direct disbursements from that account. He had no account at Suffolk Bank at all. Mr. Weisberg did not issue, or attempt to issue, the subject check.

These facts are insufficient to support an allegation that Mr. Weisberg conducted the monetary transaction charge in Count Eleven. Under these circumstances, Mr. Weisberg cannot be said to have "engaged or attempted to engage" in the monetary transaction charged in Count Eleven, and it must be dismissed as a matter of law. *Cf. Piervinanzi*, 23 F.3d at 677 (Section

---

[1] The defense has not yet received a copy of the check.

[2] The June 1 wire transfer is not the subject of any of the separate wire fraud counts in the Indictment either, as Counts One through Ten identify other wire transfers from the SIAM escrow.

VIA ECF

The Honorable Nicholas G. Garaufis
February 2, 2012
Page 3

1957 conviction vacated because defendant did not possess funds before wire transactions were conducted).

Moreover, the aiding and abetting charge against Mr. Weisberg in Count Eleven must also be dismissed as legally deficient. 18 U.S.C. § 2 provides that a person who "commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal," and, alternatively, that a person who "willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal." To convict a defendant of aiding and abetting, the government must prove that "the underlying crime was committed by someone other than the defendant" and that the defendant acted with the specific intent to further commission of the underlying crime. *See United States v. Smith*, 198 F.3d 377, 383 (2d Cir. 1999) (*quoting United States v. Oates*, 560 F.2d 45, 54 (2d Cir.1977). Aider and abettor liability, therefore, requires that the principal has criminal liability for the underlying offense. *United States v. Frampton*, 382 F.3d 213, 223 (2d Cir. 2004).

This is not a conspiracy case. The government does not allege, nor could it, that Russell & Fig is complicit in the alleged misappropriation from the SIAM escrow or had knowledge that the funds received from the defendant were criminally derived proceeds. To the contrary, the government's theory is that Russell & Fig and TriState were unwitting recipients of embezzled funds. Russell & Fig has no alleged criminal liability under Section 1957, and accordingly the defendant cannot be guilty as an aider and abettor on that charge. *Smith*, 198 F.3d at 383.

The government mischarged the alleged money laundering offense, and it cannot attempt to re-characterize Count Eleven now. For the foregoing reasons, Count Eleven of the Indictment is legally defective and must be dismissed in its entirety. The government should be required to proceed to trial on Counts One through Ten of the Indictment.

Respectfully submitted,

George A. Stamboulidis
Lauren J. Resnick
Essence Liburd

cc:   AUSA Ilene Jaroslaw (via ECF)
      AUSA John Nowak (via ECF)