# Baker Hostetler

Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

George A. Stamboulidis
direct dial: 212.589.4211
GStamboulidis@bakerlaw.com

March 12, 2012

**VIA ECF**

The Honorable Nicholas G. Garaufis
United States District Judge
Eastern District of New York
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   *United States v. Weisberg*
      No. 08-CR-347 (NGG)

Dear Judge Garaufis:

In light of the *Brady* violation and the fact that our client's liberty is at stake, we believe it is important to set out the chronology surrounding the violation so that the Court is working from an accurate record. We provide the following chronology as to the defense's receipt of this crucial *Brady* material undermining the government's core theory of the case.

On Thursday, March 8, 2012, the defense received a CD containing supplemental 3500 material and other discovery, but <u>not</u> the September 1, 2006 *Brady* email exchange. Instead the defense received, for the first time, an email from Mr. Nowak referencing attached materials, including the September 1, 2006 *Brady* email, on Friday March 9, 2012 shortly after 6:00 pm. This is not surprising given that the date of the cover letter attached to the email is March 9, 2012. The ECF filing posting Mr. Nowak's March 9, 2012 letter and attachments did not appear until Saturday, March 10, 2012 at 4:31am. Disturbingly, we note that the government's cover letter did not specify that the attachments included *Brady* material.

When Mr. Stamboulidis made a representation in court earlier today as to when the defense first received this *Brady* material, Mr. Nowak disagreed.[1]

---

[1]  We would not want the Court to think it was the defense who caused jurors and the Magistrate Judge to appear for jury selection that was not able to take place. Had the

The Honorable Nicholas G. Garaufis
March 12, 2012
Page 2

The government should not and cannot be casual or glib about its serious Brady obligations and, in this case, a very serious Brady violation. There have been prior instances, indeed this is at least the third instance, where the government has failed to timely produce important and relevant discovery. For example, the government received a privilege log with 1,700 documents identified by Baker & McKenzie in or about November 2009 while discovery issues were being actively litigated in this matter. Despite having appeared before the Court regarding discovery matters in the case, the government failed to identify the existence of or produce this privilege log to the defense until July 2010, almost eight months later. Additionally, the government produced to the defense for the first time a copy of the check charged in the money laundering count (which constitutes the specified monetary transaction in Count 11) only in response to the defense's Motion to Dismiss filed February 2, 2012. Here, where we are dealing with Brady material and not just Rule 16 discovery obligations, the government acknowledges that it was in possession of the Brady e-mail for almost a week before it produced it to the defense on the eve of trial.

Because the government has continued to provide inaccurate information to the Court on this serious matter, the defense requests that the Court direct the government to provide affidavits from the prosecutors and/or agents regarding the chronology of the government's receipt and production of this Brady material, including the timing and scope of its requests for information from the SIAM affiliated witnesses, Peter Ginsberg, Baker & McKenzie, Ginsberg's former firm Crowell & Moring, and Anguillan counsel for SIAM, Keithly Lake and Merline Barrett.

Respectfully submitted,

*George A. Stamboulidis/SF*

George A. Stamboulidis
Lauren J. Resnick
Essence Liburd

---

government produced the Brady material on Thursday, as Mr. Nowak represented to the Court, the defense would have been in a position to file its motion on Friday, avoiding needless summoning of the jury pool. That unfortunate consequence is the result of the Government's delay even after its acknowledged receipt of Brady material almost a week earlier.